1   **WO**                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   Jean-Paul Williams,                    )    No. CV 1-08-00712-SMM
                                           )
10              Plaintiff,                   )    **ORDER**
                                           )
11  vs.                                      )
                                           )
12  Warden, et al.,                          )
                                           )
13              Defendants.                  )
    ───────────────────────────────────────)

14

15          This case was reassigned to the undersigned judge on November 24, 2008.  (Doc.

16  # 11.)[1]  Plaintiff Jean-Paul Williams, who is confined in the R.J. Donovan Prison, Facility

17  3, in San Diego, California, and three other inmates filed a joint complaint in <u>Nible v.</u>

18  <u>Warden</u>, case no. CV 08-00627-LJO-DLB, seeking relief pursuant to 42 U.S.C. § 1983.

19  (Doc.# 1.)  The Court severed the plaintiffs' claims into separate actions and ordered each

20  of the plaintiffs to file an amended complaint in their respective cases.  Plaintiff has filed a

21  First Amended Complaint.  (Doc. # 8.)  The Court will dismiss the First Amended Complaint

    with leave to amend.

22  **I.      Statutory Screening of Prisoner Complaints**

23          The Court is required to screen complaints brought by prisoners seeking relief against

24  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26

27  ─────────────────

28          [1]  "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

2  be granted, or that seek monetary relief from a defendant who is immune from such relief.

3  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

4  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

5  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

6  (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This

7  type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler

8  v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

9  whether the court was required to inform a litigant of deficiencies).  Plaintiff's First

10  Amended Complaint will be dismissed for failure to state a claim with leave to amend

11  because the First Amended Complaint may possibly be saved by amendment.

12  **II.    First Amended Complaint**

13  Plaintiff alleges state and federal claims for denial of access to the courts based upon

14  an inadequate law library and failure to provide supplies at Kern Valley State Prison (KVSP),

15  where he was formerly incarcerated.  Plaintiff sues the following: an unnamed "Warden";

16  Grievance Co-ordinators B. Gracewich and C. Pfieffer; Librarian K. Spray; Senior Librarians

17  Olsen and Christiansen; Corrections Officer Garza; and "Doe's."  Plaintiff seeks punitive,

18  declaratory, and injunctive relief.

19  **III.   General Deficiencies in the First Amended Complaint**

20  **A.    Claims of Other Inmates**

21  Plaintiff repeatedly refers to "all plaintiffs" and "Plaintiffs" in his First Amended

22  Complaint.  It is not clear the extent to which Plaintiff is asserting a violation of *his* rights.

23  In addition, Plaintiff has submitted numerous exhibits, none of which refer to him.  A

24  "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal

25  rights or interests of third parties.'"  Mothershed v. Justices of the Supreme Court, 410 F.3d

26  602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  Accordingly,

27  to the extent that Plaintiff asserts any claim on behalf of other individuals, his First Amended

28  Complaint will be dismissed.

**B.     Fictitiously Named and Unnamed Defendants**

Plaintiff names "Doe's, Et al" and "Warden" as Defendants.  Plaintiff fails to allege how any particular Doe Defendant or warden allegedly violated his constitutional rights. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights.  If Plaintiff discovers the identities of these fictitious defendants through the discovery process, or otherwise, he may seek leave of the Court to amend to name these individuals.

**IV.     Failure to State a Claim Under § 1983**

Plaintiff in part seeks relief for violation of his federal constitutional rights.  To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

1    **A.    Failure to Affirmatively Link Defendants to any Constitutional Violation**

2        Plaintiff sues several named Defendants. Although the named Defendants may

3    properly be sued for constitutional violations, Plaintiff fails to state a claim against any of

4    them. "A plaintiff must allege facts, not simply conclusions, that show that an individual was

5    personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d

6    1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff

7    must allege that the official acted as a result of a policy, practice, or custom. See Cortez v.

8    County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat*

9    *superior* liability under § 1983, so a defendant's position as the supervisor of a someone who

10   allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v.

11   Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

12   1989). A supervisor in his individual capacity, "is only liable for constitutional violations

13   of his subordinates if the supervisor participated in or directed the violations, or knew of the

14   violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

15       Plaintiff fails to allege facts to support that any Defendant enacted or enforced a

16   policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights.

17   Further, Plaintiff has not alleged facts to support that any Defendant directly violated his

18   constitutional rights or to support that any Defendant was aware that Plaintiff's rights were

19   being violated but failed to act. Thus, Plaintiff fails to state a federal constitutional claim

20   against any Defendant in his First Amended Complaint.

21   **B.    Grievance Procedures**

22       Plaintiff in part appears to be claiming the denial of an adequate grievance process.

23   An inmate does not have a protected liberty interest in prison grievance procedures because

24   there is no free-standing constitutional right to a grievance process. Antonelli v. Sheahan,

25   81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley

26   v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*); Mann v. Adams, 855 F.2d 639,

27   640 (9th Cir. 1988). Plaintiff therefore fails to state a claim against any Defendant based

28   upon the failure to comply with prison grievance procedures.

1  **C.      Access to the Courts**

2    Plaintiff also asserts that his federal constitutional right of access to the courts was

3  violated based upon an inadequate law library, or access thereto, and denial of legal supplies

4  at KVSP.  The right of meaningful access to the courts prohibits state officials from actively

5  interfering with an inmate's attempt to prepare or to file legal documents.  <u>Lewis v. Casey</u>,

6  518 U.S. 343, 350 (1996).   That right, however, only encompasses the right to bring a

7  petition or complaint to federal court and not to discover or even effectively litigate claims

8  once filed with a court.  <u>Id.</u> at 354; <u>see</u> <u>Cornett v. Donovan</u>, 51 F.3d 894, 899 (9th Cir. 1995)

9  ("The right of access is designed to ensure that a habeas petition or civil rights complaint of

10  a person in state custody will reach a court for consideration.")  The right "guarantees no

11  particular methodology but rather, the conferral of a capability--the capability of bringing

12  contemplated challenges to sentences or conditions of confinement before the courts."

13  <u>Lewis</u>, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library

14  is not actionable if there is no claim of prejudice to an existing or future legal action.  <u>Id.</u> at

15  351-53.  That is, an inmate must establish that he suffered an "actual injury" when he alleges

16  that he was denied access to a paralegal or a law library.  <u>See</u> <u>Vandelft v. Moses</u>, 31 F.3d

17  794, 797 (9th Cir. 1994).   An "actual injury" is "actual prejudice with respect to

18  contemplated or existing litigation, such as the inability to meet a filing deadline or present

19  a claim."  <u>Lewis</u>, 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that

20  a defendant's conduct prevented him from bringing to court a non-frivolous claim that he

21  wished to present.  <u>Id.</u> at 351-53.

22    Plaintiff fails to allege facts regarding when, how or by whom he believes he was

23  denied access to the courts.  Plaintiff also fails to allege facts to support that he was actually

24  injured as a result of any alleged denial of access to a law library and/or materials with which

25  to file a complaint or other pleading; he was clearly able to file a complaint in this action.

26  Plaintiff otherwise fails to allege facts to support that the named Defendant prevented him

27  from being able to pursue remedies in court or an actual injury in connection with other

28  litigation.  Plaintiff therefore fails to state a federal constitutional claim for denial of access

1 to the courts.

2 **V.    State Law Claims**

3         Plaintiff also in part alleges violation of state law rights.  Where a federal court has

4 original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983,

5 the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or

6 "supplemental" jurisdiction over closely related state law claims.  <u>Bahrampour v. Lampert</u>,

7 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)).  Because Plaintiff has failed

8 to state a federal constitutional claim in his First Amended Complaint, the Court declines to

9 exercise jurisdiction over any state law claim and will dismiss such claims without prejudice.

10 28 U.S.C. § 1367(c).

11 **VI.    Leave to Amend**

12         For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

13 failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

14 submit a second amended complaint on the form provided with this Order.  If Plaintiff fails

15 to use the form provided with this Order, the Court may strike the second amended complaint

16 and dismiss this action without further notice to Plaintiff.

17         Plaintiff must clearly designate on the face of the document that it is the "Second

18 Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety

19 on the form provided with this Order and may not incorporate any part of the prior

20 complaints by reference.

21         Plaintiff must comply with the instructions provided with the form.  Plaintiff should

22 pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

23 with the instructions provided with the form, the Court may strike the amended complaint

24 and dismiss this action without further notice to Plaintiff.

25         Among other requirements contained in the instructions, Plaintiff is advised that the

26 instructions require him to provide information regarding the Court's jurisdiction and about

27 the defendants, and to divide his lawsuit into separate counts.  In each count, Plaintiff must

28 identify what federal constitutional civil right was violated, identify the issue most closely

involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A second amended complaint supersedes any prior complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any prior complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.   Warnings**

    **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.   Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.      Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)     The First Amended Complaint (doc.# 8) is **DISMISSED** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 27th day of February, 2009.

Stephen M. McNamee
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)
_____
(Signature)

8.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
   1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

   2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

   3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**
   1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

3

**Part D.  REQUEST FOR RELIEF:**

      Print the relief you are seeking in the space provided.

**SIGNATURE:**

      You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

      You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,  )
(Full Name of Plaintiff)     Plaintiff,  )
                                          )
                              vs.         )  **CASE NO.** _____
                                          )         (To be supplied by the Clerk)
(1)_____ ,    )
(Full Name of Defendant)                  )
(2)_____ ,    )
                                          )  **CIVIL RIGHTS COMPLAINT**
(3)_____ ,    )  **BY A PRISONER**
                                          )
(4)_____ ,    )  ☐ Original Complaint
            Defendant(s).                 )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.    Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                   (Position and Title)                                  (Institution)

2.    Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
                   (Position and Title)                                  (Institution)

3.    Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
                   (Position and Title)                                  (Institution)

4.    Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
                   (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.    If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                        ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count I?            ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____ .

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities      ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
      institution?                                                                   ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?                 ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not. _____
      _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                              DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.